

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,125-01

### EX PARTE SERAFIN RODRIGUEZ MOLINA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 9423675-A IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., concurred.

### O R D E R

Applicant pleaded guilty to aggravated sexual assault and was sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Molina v. State*, No. 14-95-00226-CR (Tex. App.—Houston [14th Dist.] Aug. 17, 1995) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on June 22, 2009. On July 15, 2009, the trial court entered an order designating a single issue: whether Applicant's plea was involuntary due to the ineffective assistance of counsel for failing to admonish him of the consequences of his plea.

This application was not received by this Court until September 6, 2022. However, the application is in Spanish, and it was forwarded before the trial court had it translated or made findings of fact and conclusions of law. Additionally, there is no indication in the record of any action by the trial court after the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall (1) have the application translated by a certified translator; (2) complete its evidentiary investigation, including ordering trial counsel to respond to Applicant's claim; and (3) make findings and conclusions.

The trial court shall obtain a translated, certified copy of the application and make findings of fact and conclusions of law within 120 days from the date of this order. The district clerk shall then immediately forward to this Court a certified copy of Applicant's translated application, the trial court's findings and conclusions, and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts

from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: December 7, 2022
Do not publish